**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHAD JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | Hon. Steven C. Seeger |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO; | ) | No. 19-cv-03904 |
| RONALD KIMBLE; | ) | |
| SPECIAL REPRESENTATIVE FOR | ) | |
| DET. KEVIN O'BRIEN, STAR NO. 60001; | ) | |
| P.O. VANESSA MUHAMMAD, | ) | |
| STAR NO. 12835; | ) | |
| DET. KAREN WILLIAMS, STAR NO. 20837; | ) | |
| DET. THOMAS CEPEDA, STAR NO. 20852; | ) | |
| SPECIAL REPRESENTATIVE FOR | ) | |
| DET. MICHAEL O'DONNELL, STAR NO. 60029; | ) | |
| SPECIAL REPRESENTATIVE FOR | ) | |
| DET. EUGENE JACKSON, STAR NO. 21250; | ) | |
| WILLIAM G. PROCTOR JR., AS THE | ) | |
| ADMINISTRATOR FOR THE ESTATE OF | ) | |
| WILLIAM G. PROCTOR SR., STAR NO. 20139; | ) | |
| DET. WILLIAM GEHRKE, STAR NO. 20385; | ) | |
| DET. TIMOTHY J. O'BRIEN, STAR NO. 20034; | ) | |
| DET. DANIEL GORMAN, STAR NO. 20275, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO EXTEND FACT DISCOVERY DEADLINE

Eleven (11) Individual Officer Defendants (collectively, "Defendants"), by and through their counsel, respectfully submit this response, opposing the motion filed by non-party Oliver Crawford ("Petitioner Crawford") seeking to stay or quash his subpoenaed deposition, presently scheduled for May 11, 2021.

## INTRODUCTION

1.     This Court should deny Petitioner Crawford's motion to stay or quash his subpoenaed deposition, set to proceed on May 11, 2021. First, federal law is clear. Petitioner Crawford has no "*carte blanche*" to prophylactically and prematurely invoke his Fifth Amendment

1

right not to incriminate himself without first responding to specific deposition questions, so that the Court has a sufficient record to rule on the propriety of any such invocation. Second, Petitioner Crawford, who is presently incarcerated, will not be "unduly burden" by being deposed. Indeed, federal law requires him to do so. Accordingly, this Court should deny Petitioner's motion to stay or quash Defendants' deposition subpoena.

## BACKGROUND FACTS

2.      In June 2019, Plaintiff Chad Johnson filed his federal civil rights lawsuit. Plaintiff Johnson's federal lawsuit arises from, and relates to, a February 1, 2004 drive-by shooting and murder, involving one decedent and three other shooting victims. Dkt. #1 (Complaint). In sum, Plaintiff Johnson claims that some, or all, of the eleven Defendant Chicago Police Officers allegedly: (1) proceeded "without probable cause," (2) fabricated testimony, (3) fabricated evidence/reports, and/or (4) engaged in "malicious prosecution" against him.  Dkt. #50 (Amended Complaint), ¶136-139 and ¶151-163.

3.      Plaintiff Johnson's underlying criminal murder case spanned many years, including his arrest (2006), indictment (2007), initial conviction by a jury (2009), successful direct appeal (2012), and acquittal after another criminal jury trial (2018).

4.      Petitioner Crawford was one of Plaintiff Johnson's two criminal co-defendants. Petitioner Crawford opted for a bench trial, which proceeded separately from Plaintiff Johnson. Dkt. 138, ¶2 (Petitioner Crawford's motion acknowledging an October 25, 2007 bench trial). As with Plaintiff Johnson, the trier of fact during his first criminal trial convicted Petitioner Crawford of murder and related criminal charges. *Id.* Plaintiff Johnson's other co-defendant, Ricardo Lee, pleaded guilty before any trial.

5.      For the last thirteen years, Petitioner Crawford has filed numerous appeals and post-conviction petitions in his criminal proceeding. In particular, in 2008, Petitioner Crawford filed a direct appeal from this criminal conviction. In 2010, the Illinois Appellate Court denied Petitioner

2

Crawford's direct criminal appeal. *Illinois v. Oliver Crawford*, 402 Ill. App. 3d 1184 (1st Dist. 2010). In 2011, the Illinois Supreme Court denied any further appeal. *Illinois v. Oliver Crawford*, 239 Ill.2d 562 (2011) (Table). In October 2011, the United States Supreme Court denied Crawford's petition for writ of *certiorari*.

6.      Thereafter, Petitioner Crawford began filing post-conviction petitions. In March 2012, Petitioner Crawford filed a post-conviction petition, alleging, *inter alia*, ineffective assistance of trial counsel, which the trial court denied. *Illinois v. Oliver Crawford*, 2015 IL App (1st) 123134-U, ¶15. In 2015, the Illinois Appellate Court reversed, holding that Petitioner Crawford satisfied the "low threshold" applicable to the first stage of post-petition relief by presenting an ineffective assistance of trial counsel claim that was not "frivolous or patently without merit." *Id.* ¶33-34.

7.      Petitioner Crawford's post-petition proceeding continues to this day. In November 2020, Petitioner Crawford filed a First Amended Petition for Post-Conviction Relief. Dkt. #138, ¶4. Petitioner Crawford filed this First Amended Petition as part of the "second stage" of his post-conviction efforts. In it, Petitioner Crawford seeks an evidentiary hearing because, *inter alia*, allegedly newly discovered evidence entitles him to a new criminal trial. *Id.*

8.      There is no predictable end in sight for Petitioner Crawford's ongoing post-petition efforts, which are likely to extend many months, if not years. Certainly, the ongoing proceedings for the last thirteen years since his initial 2007 conviction attests to this likelihood. Counsel for Petitioner Crawford seemingly agree. During a short telephone conversation and in the context of requesting a stay of Petitioner Crawford's subpoenaed deposition in this matter, counsel for Petitioner Crawford acknowledged that they could not predict the length of any requested stay.

## **ARGUMENT**

9.      This Court should deny Petitioner Crawford's motion to stay or quash his subpoenaed deposition, presently scheduled for May 11, 2021, as violative of federal law.

Petitioner Crawford's motion is premature because Petitioner must invoke the Fifth Amendment at his deposition in response to specific questions, so that the Court has a sufficient record to rule on the propriety of any such invocation. Moreover, Petitioner Crawford's alternative argument, claiming "undue burden" should he be required to answer specific questions at his deposition, similarly fails.

10. This Court should deny Petitioner Crawford's motion as premature because Petitioner does not have "*carte blanche*" to prospectively invoke the Fifth Amendment to any and all deposition questions. "Blanket assertions" of the Fifth Amendment privilege are "improper" because they "restrict the court's ability to assess to appropriateness" of the asserted privilege. *Pursley v. City of Rockford*, 2020 WL 4931394, *2 (N.D. Ill.); *see also Zuniga v. Morris Material Handling, Inc.*, 2011 WL 663136, *6 (N.D. Ill.) ("It is incorrect to assume that a person has *carte blanche*" by virtue of the Fifth Amendment's self-incrimination clause to "refuse to answer all questions").

11. Federal law requires a specific record to assess the viability of any Fifth Amendment privilege claim. For "each question to which a claim of privilege is directed," the court "must determine whether the answer" would subject the deponent to a "real danger of further incrimination." *Pursley*, 2020 WL 4931394, *2. Accordingly, the question of whether the Fifth Amendment privilege may be invoked "must be determined on a question by question basis." *Pursley*, 2020 WL 4931394, *2. Indeed, a deponent "must make a determination with regard to each specific question posed" as to whether the question creates some tendency to subject him to criminal liability. *Pursley*, 2020 WL 4931394, *2 (citation to Seventh Circuit case omitted). Based on these principles, federal courts have repeatedly held that when a motion "precedes the deponent actually being asked the questions in a deposition," it leaves the court "without a sufficiently developed record from which to evaluate whether a Fifth Amendment invocation is proper as it relates to specific questions." *Pursley*, 2020 WL 4931394, *3 (if the "deposition questions have

4

not been asked, it is premature for a court to make any judgment about the effect of the invocation").

12. Facing similar circumstances, courts have repeatedly held an individual's prophylactic assertion of the Fifth Amendment improper and premature, requiring the individual to sit for a deposition to answer (or not answer) specific questions. *Pursley*, 2020 WL 4931394, *3 (holding that prospective deponent "improperly invoked a blanket assertion of the Fifth Amendment privilege" and the "correct procedure" was for the prospective deponent to attend her deposition and determine which specific questions she cannot truthfully answer without running a risk of self-incrimination," so as to "create a record from which the Court can determine" the propriety of any Fifth Amendment invocation on a "question by question basis"); *Hillman v. City of Chicago*, 918 F. Supp. 2d 775,780 (N.D. Ill. 2013) (holding that blanket assertions of the Fifth Amendment privilege to every substantive question in a deposition was improper and directing deponents to "answer every question except those to which a truthful answer will realistically expose them to a danger of prosecution," and the court "will then make a question-by-question judgment as to whether each disputed question" calls for privileged testimony); *Zuninga*, 2011 WL 663136, *6-7 (holding that the parties must reconvene deponent's deposition to ask "each specific question," so that the deponent "may choose to answer or, if he has a well-grounded basis for doing so, he may assert his Fifth Amendment privilege").

13. Applying the foregoing principles and authorities here, this Court should deny Petitioner Crawford's motion to stay or quash his subpoenaed deposition. Defendants have yet to ask Petitioner Crawford any deposition questions, thereby precluding the Court's ability to make a meaningful assessment of any Fifth Amendment privilege claim. The foregoing federal authorities require such a record. *E.g.*, *Pursley*, 2020 WL 4931394, *3 (holding that, "The Court understands that this is a more cumbersome approach, however, it is the appropriate course to take in order to ensure that the Fifth Amendment privilege is appropriately analyzed"). Indeed,

Defendants anticipate asking numerous lines of deposition questions of Petitioner Crawford, including those that have no relation whatsoever to Petitioner Crawford's criminal case or exposure, such as: (i) Plaintiff Johnson's personal history, (ii) Petitioner Crawford's relationship with Plaintiff Johnson, (iii) Plaintiff Johnson's relationship with other individuals at issue in this federal case, including numerous alibi witnesses, (iv) certain deposition testimony by Plaintiff Johnson to test his credibility and veracity, and (v) jail house calls between Plaintiff Johnson and Petitioner Crawford that go directly to Plaintiff Johnson's credibility, veracity, and legal claims in this case. Because these and other deposition questions have yet to be asked and assessed by Petitioner Crawford, this Court should deny Petition Crawford's motion to stay or quash his deposition subpoena.

14.     Petitioner Crawford's cases in support of his motion are distinguishable, inapposite, and not controlling. Specifically, Petitioner Crawford's citation to *Smith-Williams v. United States*, 2019 WL 7833097 (W.D. Wisc.), fails for a number of reasons. First, it is a Wisconsin decision and therefore has no, or limited, precedential value. Second, *Smith-Williams* is inapposite, arising in the context of a *motion in limine* to bar trial testimony. Third, in *Smith-Williams*, the parties actually had the benefit of a deposition, seemingly with specific questions asked, although the latter is not entirely clear from the decision. *Id.* *3 (noting that the deponent "appeared for his deposition in this case," but after providing his name, address, and date of birth, "refused to answer any further questions"). Furthermore, the ultimate holding in *Smith-Williams* supports denying Petitioner Crawford's motion here because the court held that the witness had to answer questions (at trial) that were "not likely to lead" to the individual's invocation of the Fifth Amendment (*id.*), thereby illustrating the impropriety of a blanket Fifth Amendment assertion.

15.     Likewise, Petitioner Crawford's reliance on *Deleon-Reyes v. Upper St. Clair Sch. Dist.*, 2010 WL 723550 (W.D. Pa. 2010), fails. Like *Smith-Williams*, the Pennsylvania decision is *Deleon-Reyes* has no, or little, precedential value. Moreover, the *Smith-Williams* court decision

amounts to three short paragraphs that do not address the precise issue presented here. Indeed, the sole basis for the court's decision in *Smith-Williams* to quash a deposition subpoena was because the "Fifth Amendment right against self-incrimination applies to juveniles," entirely ignoring the core issue presented here. *Id.* \*1.

16.     The court's decision in *Deleon-Reyes v. Guevera*, 2020 WL 5800727 (N.D. Ill), also is inapposite and distinguishable. In *Deleon-Reyes*, the court held that a third-party "could not invoke the Fifth Amendment" in her forthcoming deposition, reasoning that the witness had no risk of future criminal prosecution. *Id.* \*7 (holding that deponent had "no basis" to invoke the Fifth Amendment in any deposition because she lacked any future criminal exposure, in part, because deponent's criminal judgment "has gone unchallenged for nearly twenty years," is final, and any other new crimes would be barred by the statute of limitations). Accordingly, the court's holding and reasoning in *Deleon-Reyes* has no applicability here, where the critical issue is Petitioner Crawford's improper "*carte blanche*" invocation of the Fifth Amendment privilege to side-step a question-by-question deposition inquiry.

17.     Finally, Petitioner Crawford's alternative argument of "undue burden" in support of his motion to stay or quash the Defendants' deposition subpoena fails. First, there is no "undue burden" within the meaning of Rule 45(d)(3)(A). Indeed, Petitioner Crawford provides only one proffered reason for his "undue burden" argument. Dkt. #138, ¶12 (arguing that Petitioner Crawford will face the "undue burden of having to determine whether every question posed to him may negatively impact his subsequent post-conviction hearing"), *but compare id.* ¶13 (stating, "Mr. Crawford prefers a stay because ***he is innocent and eager to testify about any relevant knowledge he may possess***") (emphasis added). However, the foregoing authorities on the Fifth Amendment require the Petitioner Crawford to make a question-by-question assessment. *Supra*. Moreover, there is no "undue burden" in the normal sense of the phrase, as Petitioner Crawford is incarcerated and the deposition subpoena seeks no accompanying records. In sum, what is really

at issue is Petitioner Crawford's "concern" (as opposed to "undue burden") that his ***non-privileged testimony*** might theoretically be used against him in his post-conviction proceeding. But this "concern" is not a proper Rule 45(d)(3)(A) basis to (indefinitely) stay or quash the Defendants' deposition subpoena.

18. Petitioner Crawford's only case citation in support of his "undue burden" argument is distinguishable. Indeed, Petitioner Crawford concedes as much by using a "cf" citation. Dkt. #138, ¶12. The court in *Midas Intern. Corp. v. G.V. & G. Transp. Services*, 1987 WL 18916 (N.D. Ill.), addressed the distinguishable situation:  partially staying discovery for 120-days in a civil lawsuit because of a defendant's ongoing criminal indictment for the same or substantially same subject matter. *Id.*, *2 (articulating a five-part test in determining whether to stay discovery on the pending civil case between of competing interests for the plaintiff, defendant, court system, interests of non-parties, and interests of the public). In this context, the court noted that a short, temporary stay was justified, in part, to postpone defendant's dilemma of, on the one hand, asserting his Fifth Amendment right not to testify in the civil case (and suffer an adverse inference in the civil case), or, on the other hand, testifying in the civil case (and risk the civil testimony will be used against him in the parallel criminal case).

19. Here, unlike *Midas*, Petitioner Crawford's invocation of his Fifth Amendment right will not give rise to any adverse inference in any civil or other proceeding. Moreover, Petitioner Crawford has no right to withhold ***non-privileged*** testimony that "might" be detrimental to his post-conviction proceeding. Furthermore, unlike *Midas*, which granted a short, temporary 120-day stay, Petitioner Crawford's requested stay will far exceed this time-frame. Petitioner Crawford's post-petition criminal proceeding has gone on for almost a decade with no end in sight. The very real likelihood is that Petitioner Crawford's post-petition criminal proceeding will continue for many more months, and likely years. Accordingly, this Court should reject Petitioner Crawford's reliance on *Midas* in support of his "undue burden" argument to indefinitely stay his deposition.

## CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order denying the motion of Petitioner Oliver Crawford to stay or quash his subpoenaed deposition.

Respectfully Submitted,

KULWIN, MASCIOPINTO & KULWIN, LLP

/s/ *Anthony J. Masciopinto*
Anthony J. Masciopinto

Anthony J. Masciopinto
Special Assistant Corporation Counsel
KULWIN, MASCIOPINTO & KULWIN, LLP
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601
T: 312.641.0300; F: 312.855.0350
amasciopinto@kmklawllp.com
*Attorneys for the Individual Defendants*

## <u>CERTIFICATE OF SERVICE</u>

   I, Anthony J. Masciopinto, an attorney, hereby certify that the above ***Defendants' Response to Non-Party Petitioner Crawford's Motion to Stay or Quash May 11, 2021 Deposition Subpoena*** was served upon all counsel of record via ECF Filing on March 4, 2021.

               /s/ Anthony J. Masciopinto
               Anthony J. Masciopinto